IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN ANN MCAFEE**<br>135 Speck Road<br>Mohnton, PA 19540<br><br>*Plaintiff*,<br><br>vs.<br><br>**G.R. KLINEFELTER UNDERWRITERS, INC.**<br>21 West Main Street<br>Ephrata, PA 17522<br><br>-and-<br><br>**MATTHEW GROFF**<br>21 West Main Street<br>Ephrata, PA 17522<br><br>*Defendant*. | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against each Defendant:

## INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant for unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act and other applicable federal and state law.

## PARTIES

2. Plaintiff is Kathleen Ann McAfee ("Plaintiff"), an adult individual.

3.  Defendant, G.R. Klinefelter Underwriters, Inc. ("Defendant") is believed and therefore averred to be a Pennsylvania corporation with a principal place of business at the above captioned address.

4.  Defendant, Matthew Groff ("Groff") is believed and therefore averred to be employed at the above-captioned address.

5.  Groff is liable as an aider and abettor individually under the Pennsylvania Human Relations Act ("PHRA").

6.  At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

7.  Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

8.  Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

9.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because each Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

**PROCEDURAL and ADMINISTRATIVE REMEDIES**

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff has satisfied the procedural and administrative requirements for proceeding with a discrimination action.

16. Plaintiff filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination and retaliation on or about June 18, 2018 (No. 530-2018-04287).

17. The instant action is timely because it is initiated at least ninety ("90") days after the receipt of a Right to Sue Letter by the EEOC mailed on or about March 6, 2019.

18. Plaintiff has exhausted administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. Plaintiff is a female.

21. Plaintiff worked for Defendant beginning on or about April 9, 2017.

22. Plaintiff was unlawfully terminated in or around March 2018.

23. Plaintiff was subjected to regular and pervasive sexual harassment by her male supervisor, Matthew Groff.

24. Groff would flirt with Plaintiff regularly, tell her how nice her figure was, that she was beautiful and that she had a fit and thin body.

25. Groff would also tell Plaintiff that every man wanted to have sex with her, and that he fantasized about her and another woman being with him.

26. Groff made other similar comments during the course of Plaintiff's employment.

27. Groff also touched Plaintiff in inappropriate ways.

28. For example, Groff would regularly touch, grab and swat Plaintiff's behind, knee, thigh and leg.

29. Groff would also grab, rub and squeeze Plaintiff's thigh and knee.

30. Plaintiff was traumatized by Groff's behavior and constantly advised him that his behavior made her uncomfortable.

31. Nevertheless, Groff persisted.

32. Groff also told Plaintiff that he had been having sex with another employee, Susan Knoll.

33. Groff regularly asked Plaintiff to have sex with him and Plaintiff refused.

34. Plaintiff's first performance review, in or around July 2017, was positive.

35. Plaintiff's six month review in or around October 2017 was also positive.

36. After October 2017, when Plaintiff continued to refuse his advances, Groff began edging Plaintiff out of calls, stopped giving her work to do, stopped meeting with her, verbally abused her, falsely criticized her work in front of others and basically began a process of trying to force Plaintiff out because she would not sleep with him.

37. Plaintiff's employment was terminated because she refused to accept his advances and because she complained to Groff about them.

## COUNT I
### Title VII Violations
### *Against G.R. Klinefelter Underwriters, Inc.*

38. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

39. The foregoing conduct by the Defendant constitutes unlawful sex/gender discrimination.

40. The foregoing conduct by the Defendant constitutes unlawful sexual harassment and a hostile-work environment.

41. The foregoing conduct by the Defendant constitutes unlawful retaliation.

42. As a result of the Defendant's discrimination and retaliation, the Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act
*Against All Defendants*

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44. The foregoing discrimination and retaliation by Defendants also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

45. As a result of Defendants' violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against each Defendant and that it enter an Order as follows:

   a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

   b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

   c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally

withheld from the date Plaintiff first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN LAW, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
W. Charles Sipio, Esquire
Kathryn E. Liebhaber, Esq.
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.com
wcsipio@kolmanlaw.com
kliebhaber@kolmanlaw.com

*Attorneys for Plaintiff*

Dated: June 4, 2019